**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS INTERNATIONAL UNION-INDUSTRY PENSION FUND and its Trustees: ANTHONY M. PERRONE, KENNETH R. BOYD, CARL IVKA, ROBERT A. BLAIR, TIMOTHY MELIA, WILLIAM M. VAUGHN, III, JOHN A. WAGNER, RICHARD D. COX, M. SCOTT HENDERSON, and JASON PARADIS,<br><br>18861 90th Avenue, Suite A<br>Mokena, IL 60448<br>                    Plaintiffs,<br>     v.<br><br>Buedel Food Products Co. d/b/a<br>Buedel Fine Meats and Provisions<br>7661 South 78th Avenue<br>Bridgeview, IL 60455<br><br>Serve:  Catherine C. Gryczan<br>           311 South Wacker Drive, Suite 4300<br>           Chicago, IL 60606<br><br>K2d, Inc. d/b/a Colorado Premium Foods<br>2035 2nd Avenue<br>Greeley, CO 80631<br><br>Serve: Kevin D. LaFleur<br>          2035 2nd Avenue<br>          Greeley, CO 80631<br>                    Defendants. | Case No.: 18-cv-05779 |

**COMPLAINT**

Plaintiffs, United Food and Commercial Workers International Union-Industry Pension Fund (the "Fund") and its Trustees, by counsel, hereby complain of Buedel Food Products Co.

1

d/b/a Buedel Fine Meats and Provisions ("Buedel") and K2d, Inc. d/b/a Colorado Premium Foods ("Colorado Premium") (collectively "Defendants") as follows:

## Introduction

1. This claim is brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001 *et seq.*, and the Labor Management Relations Act of 1948 ("LMRA"), 29 U.S.C. § 185. Plaintiffs seek an injunction compelling an audit of wage, payroll, and personnel records during a time period that Defendants were obligated to contribute to the Fund, and for an Order that Defendants pay the Fund's attorney fees and costs in this action as well as any unpaid contributions to the Fund discovered by its audit.

## Jurisdiction and Venue

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391 and Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because the Fund is administered in this District.

## Parties

4. The Fund is a joint labor-management pension fund established pursuant to Section 302(c) of the LMRA, 29 U.S.C. § 186(c), and a multiemployer employee benefit plan within the meaning of Sections 3(3), 3(37), and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(3), 1002(37), and 1301(a)(3).

5. Plaintiffs Anthony M. Perrone, Kenneth R. Boyd, Robert Blair, Timothy Melia, Carl Ivka, John A. Wagner, William M. Vaughn, III, Richard D. Cox, Scott M. Henderson, and Jason Paradis are Trustees of the Fund and "fiduciaries" with respect to the Fund as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are members of the Fund's Board of

2

Trustees, which is the "plan sponsor" within the meaning of Section 4001(a)(10)(A) of ERISA, 29 U.S.C. § 1301(a)(10)(A). The Fund is administered in Mokena, Illinois.

6. At all times relevant to this action, Defendant Buedel Food Products Co. was an "employer" within the meaning of 29 U.S.C. § 152(2) and Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and engaged in an industry affecting commerce, within the meaning of Sections 3(11) and (12) of ERISA, 29 U.S.C. § 1002(11) and (12). On information and belief, Buedel is a corporation organized under the laws of the State of Illinois with a principal place of business at 7661 South 78th Avenue, Bridgeview, IL 60455.

7. At all times relevant to this action, Defendant K2d, Inc. was an "employer" within the meaning of 29 U.S.C. § 152(2) and Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and engaged in an industry affecting commerce, within the meaning of Sections 3(11) and (12) of ERISA, 29 U.S.C. § 1002(11) and (12). On information and belief, Colorado Premium is a corporation organized under the laws of the State of Colorado with a principal place of business at 2035 2nd Avenue, Greeley, CO 80631.

**Governing Documents**

8. At all times relevant to this action, Defendants employed employees who were represented for the purposes of collective bargaining by United Food and Commercial Workers International Union Local 1546 ("Local 1546"), a labor organization representing employees in an industry affecting interstate commerce.

9. At all times relevant to this action, Buedel and Local 1546 were parties to and bound by Collective Bargaining Agreements ("CBAs") obligating Buedel to make monthly contributions to the Fund.

10. On information and belief, Colorado Premium assumed Buedel's CBAs and all obligations thereunder when Colorado Premium acquired Buedel in 2014.

11. Under the CBAs, Defendants agreed to be bound by the Agreement and Declaration of Trust ("Trust Agreement") governing the Fund, and any rules and policies adopted by the Trustees thereunder. The Trust Agreement required Defendants to submit monthly remittance reports and pension contributions to the Fund.

12. Buedel also was party to an Employer Participation Agreement with the Fund ("Participation Agreement") at all times relevant to this action. The terms of the Participation Agreement obligated Defendants to be bound by the terms and provisions of the Trust Agreement, including all amendments thereto.

13. The Trust Agreement bound Defendants to the Fund's Delinquency Collection Procedure adopted by the Trustees ("Delinquency Policy"). The Delinquency Policy requires Defendants to submit pension contributions to the Fund, establishes the Fund's interest rate on delinquent contributions, provides for the Fund to charge interest on late-paid contributions, and calls for the Fund to collect attorneys' fees, costs, and liquidated damages related to collecting a delinquency. According to the Delinquency Policy, contributions are due and payable to the Fund by the 20th day of the month following the month in which the work was performed for which contributions are owed.

14. The Trust Agreement also binds Defendants to the Fund's Payroll Audit Policy ("Payroll Audit Policy"). The Payroll Audit Policy requires contributing employers, including Defendants, to submit to periodic payroll audits to determine the accuracy of the contributions upon which benefits are paid to covered employees.

**Factual Allegations**

15. In accordance with the Payroll Audit Policy, the Fund will initiate a payroll audit of an employer on a rotating basis over a period of four years.

16. The Fund's auditors, Calibre CPA Group (the "Auditors"), attempted to contact Defendants to schedule an audit of its payroll records for the period of July 1, 2014 through December 31, 2015 (the "Payroll Audit"). The Payroll Audit was scheduled for August 30, 2017. During the Payroll Audit, Defendants did not produce records for 2014.

17. On October 19, 2017, co-counsel to the Fund sent a letter to Buedel demanding that Defendants provide the Auditors with all necessary documents to conduct the Payroll Audit. The letter stated that written confirmation of the scheduling of the Payroll Audit must be received within 15 days of the date of the letter or the Fund would take action to compel compliance. Buedel received this letter via certified mail.

18. On March 22, 2018, co-counsel to the Fund sent an additional demand letter to Defendants' counsel demanding that Buedel provide the Auditors with all necessary documents to conduct the Payroll Audit immediately. Defendants' counsel received this letter via certified mail on March 27, 2018.

19. Defendants failed to submit written confirmation of the scheduled Payroll Audit and failed to submit all the required records to the Auditors.

**COUNT ONE: CLAIM FOR INJUNCTIVE RELIEF UNDER ERISA § 502(a)(3)(A)**

20. Plaintiffs incorporate each of the foregoing paragraphs as if set forth herein.

21. ERISA Section 502(a)(3)(A), 29 U.S.C. § 1132(a)(3)(A), permits a plan fiduciary to bring an action "to enjoin any act or practice which violated any provision of this title or the terms of the plan."

22. Defendants failed to provide access to their records for the purpose of a payroll audit as required by the Trust Agreement and Payroll Audit Policy to which Defendants have bound themselves pursuant to the terms of the CBAs and Participation Agreements referenced herein.

23. Accordingly, the Fund is entitled to an injunction compelling Defendants to provide access to its records for the purpose of a payroll audit pursuant to the Fund's Payroll Audit Policy.

## Prayer for Relief

**WHEREFORE,** Plaintiffs request the following relief:

A. Order Defendants to submit to and cooperate in an audit of all records necessary to perform a complete audit including wage, payroll, and personnel records for the period of July 1, 2014 through December 31, 2015 and such other periods determined to be appropriate by the Fund and permitted by law; and

B. Order Defendants to pay the Fund's attorneys' fees and costs of this action in the event no delinquent contributions are discovered in the audit, pursuant to Section 502(g)(1); and

C. Order Defendants to pay to the Fund any delinquent contributions discovered in the audit, the interest accrued thereon, liquidated damages of the greater of twenty percent or the accrued interest, and the Fund's attorneys' fees and costs, including any fees and costs incurred in the execution of any judgment awarded, pursuant to the Trust Agreement and Delinquency Collection Policy, and Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2); and

D. Order Defendants to pay to the Fund the audit fees and costs; and

E. Retain jurisdiction of this case pending compliance with its orders; and

F. Grant the Fund such further and other relief as may be just and proper.

Dated: August 22, 2018　　　　　　　　　Respectfully submitted,

/s/ *Jeffrey S. Endick*
Jeffrey S. Endick, Esq. (Bar No. 4133661)
Kristina F. Salamoun, Esq. (Bar No. 89157)
SLEVIN & HART, P.C.
1625 Massachusetts Avenue, NW, Suite 450
Washington, D.C. 20036
(202) 797-8700
(202) 234-8231 (facsimile)

/s/ *David Huffman-Gottschling*
David Huffman-Gottschling, Esq. (Bar No. 06269976)
Sherrie E. Voyles, Esq. (Bar No. 06242386)
JACOBS, BURNS, ORLOVE & HERNANDEZ
150 North Michigan Avenue, Suite 1000
Chicago, IL 60601
(312) 327-3444

*Counsel for Plaintiffs*

　　　A copy of this Complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail, as required by Section 502(h) of ERISA, 29 U.S.C. § 1132(h).

20652607v1